[PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-12823

_____

In re: TIMOTHY RUSSELL HOFFMAN,

                                                    Debtor.

_____

TIMOTHY RUSSELL HOFFMAN,

                                                    Plaintiff-Appellant,

*versus*

SIGNATURE BANK OF GEORGIA,

                                                    Defendant-Appellee.

———————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 3:19-cv-00095-TCB

———————————

Before WILSON, LAGOA, and ED CARNES, Circuit Judges.

WILSON, Circuit Judge:

Appellant-Debtor Timothy Hoffman appeals the district court's affirmance of the bankruptcy court's order granting Appellee-Creditor Signature Bank of Georgia's (the Bank) objection to Hoffman's claimed bankruptcy estate exemptions. The Bank objected to Hoffman's claimed exemptions of various retirement accounts. The bankruptcy court granted the Bank's objections as to Hoffman's Roth Individual Retirement Accounts (IRA), concluding that Roth IRAs—unlike traditional IRAs and 401(k) accounts—are not excluded from bankruptcy estates. The district court affirmed the bankruptcy court's order.

This appeal presents an issue of first impression for this court: Are Roth IRAs excluded from Georgia debtors' bankruptcy estates pursuant to federal law? Because we answer the question in the affirmative, we reverse the district court's affirmance of the bankruptcy court's order and remand for further proceedings consistent with this opinion.

## I.

Timothy Hoffman is a retired U.S. Air Force Colonel and private pilot. Hoping to help his son-in-law pursue his dream of opening a restaurant, Hoffman guaranteed a loan of approximately $432,000 with the Bank. The restaurant ultimately failed, resulting in Hoffman defaulting on his loan from the Bank and filing for Chapter 7 bankruptcy.

In his bankruptcy schedules, Hoffman disclosed an interest in the following retirement accounts: (1) Traditional IRA, (2) Roth Conversion IRA, (3) Roth Contributory IRA, and (4) Fidelity 401(k). Hoffman claimed all of the accounts as exempt on his bankruptcy Schedule C.[1]

The Bank filed an objection in the bankruptcy court to Hoffman's claimed exemptions, asserting that his retirement accounts either were not qualified retirement plans or did not otherwise qualify as exempt. In reply, Hoffman maintained that all of his retirement accounts are legally exempt. Specifically regarding the Roth IRAs, Hoffman asserted that they either were excluded from the estate pursuant to 11 U.S.C. § 541(c)(2), or, if not excluded,

---

[1] One of the many forms a debtor has to complete when filing for bankruptcy is Schedule C: The Property You Claim as Exempt. Schedule C is where debtors list all of the legally exempt property that they want to keep.

were exempt under O.C.G.A. § 44-13-100(a)(2)(E).[2] As to exclusion, Hoffman argued that Georgia's revised garnishment statute applies to Roth IRAs. Accordingly, Hoffman contended that the court should revisit precedent analyzing a prior version of Georgia's garnishment statute—a version that applied only to traditional IRAs.

The bankruptcy court entered a final order overruling the Bank's objections as to Hoffman's traditional IRA and 401(k) account but sustaining the objections as to Hoffman's two Roth IRAs. Regarding Hoffman's Roth IRAs, the bankruptcy court acknowledged that Georgia's garnishment statute underwent an expansive overhaul but noted that there appeared to be no recent authority addressing the contention that Roth IRAs should be excluded under § 541(c)(2).[3]

---

[2] Pursuant to 11 U.S.C. § 522(b)(2), Georgia has opted out of the federal bankruptcy estate exemptions, and O.C.G.A. § 44-13-100 governs the exemptions available to a debtor in bankruptcy in Georgia.

[3] The bankruptcy court also found that a Roth IRA is *exempt* under O.C.G.A. § 44-13-100(a)(2)(E), but only to the extent that it is reasonably necessary for the support of the debtor and his dependents. The court concluded that Hoffman's Roth IRAs were not exempt under state law, and thus properly included in the estate, because the funds were not reasonably necessary to support him and his wife. Hoffman does not take issue with this alternative finding on appeal. Instead, Hoffman argues only that his Roth IRAs should be *excluded* from the bankruptcy estate pursuant to federal law (11 U.S.C. § 541(c)(2))—not that they should be exempt under state law (O.C.G.A. § 44-13-100(a)(2)(E)).

Hoffman appealed the bankruptcy court's ruling that the undistributed funds in his Roth IRAs are not excluded from his bankruptcy estate. The district court agreed with the bankruptcy court's assessment, declining to rule otherwise on an issue of first impression. Hoffman timely appealed.

This appeal requires us to determine what is properly included in, and excluded from, the property of a bankruptcy estate. After a careful review of the record and with the benefit of oral argument, we reverse the ruling of the district court. Statutory interpretation as well as the development of caselaw in this area convince us that IRAs—whether they be traditional IRAs or Roth IRAs—are excluded from the bankruptcy estates of Georgia debtors pursuant to the Bankruptcy Code and Georgia's garnishment statute. This conclusion follows naturally from the applicable law and statutory amendments, an overview of which we provide below.

## II.

We act as a second court of review in bankruptcy appeals, independently examining the factual and legal determinations of the bankruptcy court and applying the same standard of review as the district court. *In re Brown*, 742 F.3d 1309, 1315 (11th Cir. 2014). When, as here, the district court affirms the bankruptcy court's order, we consider the bankruptcy court's decision directly. *Id.* Because the sole issue in this case is a pure question of law—the proper construction and interpretation of the Bankruptcy Code—

we conduct a de novo review. *See In re Meehan*, 102 F.3d 1209, 1210 (11th Cir. 1997).

## III.

The Bankruptcy Code provides that property of a bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The Code, however, "excludes from the bankruptcy estate property of the debtor that is subject to a restriction on transfer enforceable under 'applicable nonbankruptcy law.'" *Patterson v. Shumate*, 504 U.S. 753, 755 (1992) (quoting § 541(c)(2)). "[A]pplicable nonbankruptcy law" has been interpreted to include "any relevant nonbankruptcy law"—whether it be federal or state law. *Id.* at 759.

On appeal, Hoffman contends that his Roth IRAs should be excluded from his estate pursuant to 11 U.S.C. § 541(c)(2). Section 541(c)(2) provides that "[a] restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title." Thus, a debtor's property is excluded from his bankruptcy estate pursuant to § 541(c)(2) if three elements are met: (1) the debtor has "a beneficial interest in a trust"; (2) the interest has a restriction on transfer; and (3) the restriction is enforceable under either state or federal law. *See id.*; *see also In re Upshaw*, 542 B.R. 619, 622 (Bankr. N.D. Ga. 2015).

The relevant state law here is the exemptions provision of Georgia's garnishment statute, O.C.G.A. § 18-4-6 (exemptions provision). Georgia's current exemptions provision provides that "[c]ertain earnings or property" may be exempt from the process of garnishment. *Id.* § 18-4-6(a)(1). One such example of exempt property concerns funds from an IRA: "Funds or benefits from an individual retirement account or from a pension or retirement program shall be exempt from the process of garnishment until paid or otherwise distributed to a member of such program or beneficiary thereof." *Id.* § 18-4-6(a)(2).

We have found that the prior version of the exemptions provision, § 18-4-22(a),[4] "clearly constitutes 'applicable nonbankruptcy law'" and that the prohibition on garnishment is an enforceable restriction on transfer for the purposes of 11 U.S.C. § 541(c)(2). *See Meehan*, 102 F.3d at 1211–12. We therefore concluded that an IRA established under 26 U.S.C. § 408—a traditional IRA—is excluded from a debtor's estate under § 541(c)(2) because it is exempt from garnishment pursuant to Georgia law. *Id.* at 1211–14.

At the time that we decided *Meehan*, traditional IRAs were the only type of IRAs in existence. It was not until the following

---

[4] The prior version of the exemptions provision provided that "funds or benefits from an individual retirement account as defined in Section 408 of the United States Internal Revenue Code of 1986, as amended, shall be exempt from the process of garnishment until paid or otherwise transferred to a member of such program or beneficiary thereof." O.C.G.A. § 18-4-22(a) (amended 2006) (current version at § 18-4-6).

year, 1998, that Roth IRAs were created with the enactment of 26 U.S.C. § 408A. Section 408A(a) instructs us that "a Roth IRA shall be treated for purposes of this title in the same manner as an individual retirement plan."

In 2005, eight years after *Meehan* and seven years after the creation of Roth IRAs, the Bankruptcy Court for the Northern District of Georgia considered whether *Meehan*'s reasoning should extend to a Roth IRA. *See In re Bramlette*, 333 B.R. 911, 914 (Bankr. N.D. Ga. 2005). The *Bramlette* court declined to extend *Meehan*'s reasoning, finding that Roth IRAs should be included in a debtor's bankruptcy estate when they were not statutorily exempt from garnishment. *Id.* The court reasoned that the exemptions provision "applies only to an individual retirement account within the meaning of 26 U.S.C. § 408 and Georgia law provides no similar protection for a Roth IRA established under 26 U.S.C. § 408A." *Id.*

However, in April 2006—the year after *Bramlette* was decided—the Georgia Assembly amended the exemptions provision to include IRAs listed under 26 U.S.C. § 408 *or* § 408A. The amended statute stated that "funds or benefits from an individual retirement account as defined in Section 408 or 408A . . . shall be exempt from the process of garnishment." O.C.G.A. § 18-4-22(a) (amended 2016) (current version at § 18-4-6).

A decade later, in 2016, the Georgia Assembly further amended the exemptions provision, now codified at § 18-4-6, to state that "[f]unds or benefits from an individual retirement account . . . shall be exempt from the process of garnishment."

O.C.G.A. § 18-4-6(a)(2). Georgia's current exemptions provision thus no longer differentiates between a traditional IRA and a Roth IRA, referring solely to "an individual retirement account." *See id.*

## IV.

We find that the development of the caselaw in this area and the subsequent amendments to the Georgia Code reflect the Georgia Assembly's intention to clarify that both traditional IRAs as defined in 26 U.S.C. § 408 *and* Roth IRAs as defined in § 408A are exempt from garnishment, thus subjecting IRAs to a restriction on transfer by state statute, *see Meehan*, 102 F.3d at 1211–12, and making both types of IRAs eligible for exclusion under the Bankruptcy Code. The current version of the exemptions provision compels this result. By no longer listing the kinds of retirement accounts that are exempt from garnishment, and instead exempting "individual retirement account[s]," there is no basis for us to conclude that Georgia intended to treat traditional IRAs differently than Roth IRAs for the purpose of garnishment. It is undisputable that a Roth Individual Retirement Account, by its very name and definition, is "an individual retirement account." *See* O.C.G.A. § 18-4-6(a)(2); *see also* 26 U.S.C. § 408A(a) (noting that Roth IRAs shall be treated "in the same manner" as IRAs for the purposes of this title).

As noted above, a debtor's property is excluded from his bankruptcy estate pursuant to federal law if: (1) the debtor has "a beneficial interest in a trust"; (2) the interest has a restriction on transfer; and (3) the restriction is enforceable under either state or federal law. *See* § 541(c)(2); *Upshaw*, 542 B.R. at 622. Roth IRAs

meet all three requisite elements. No one contests that, just like a traditional IRA's corpus, a Roth IRA's corpus qualifies as a beneficial interest in a trust. And, pursuant to both the 2006 and the 2016 amendments to the exemptions provision, Roth IRAs have a restriction on transfer that is enforceable under state law. The Bank offers no viable reason why Roth IRAs should not be treated like traditional IRAs in the context of bankruptcy estate exclusion.

## V.

We accordingly now hold that Roth IRAs are excluded from a Georgia debtor's bankruptcy estate pursuant to federal law. The judgment of the district court is therefore reversed, and the case is remanded so that the district court may reverse the order of the bankruptcy court.

**REVERSED and REMANDED.**